UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>SAFEWAY, INC.,<br><br>    Defendant. | Case No. 24-cv-07918-AMO<br><br>**ORDER GRANTING DEFENDANT SAFEWAY INC'S MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 24 |

Before the Court is Defendant Safeway, Inc.'s ("Safeway") Motion to Dismiss Plaintiff's First Amended Complaint. Having reviewed and considered the parties' respective papers and relevant legal authority, the Court **GRANTS** Safeway's motion with leave to amend.

I.    **LEGAL STANDARD**

To comply with the pleading requirements of Federal Rule of Civil Procedure 8(a)(2) and overcome a Rule 12(b)(6) motion to dismiss, the complaint must contain enough "factual enhancement" to cross "the line between possibility and plausibility." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "[A]llegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)). The Court need not accept as true "allegations that contradict matters properly subject to judicial notice," or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Claims sounding in fraud must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires a party to "state with particularity the circumstances constituting fraud." Fed. R.

Civ. P. 9(b).

## II. PLAINTIFF FAILS TO ALLEGE SUFFICIENT FACTS TO STATE A PLAUSIBLE CLAIM

The First Amended Complaint ("FAC"), Dkt. No. 21, lacks well-pleaded factual allegations plausibly suggesting the presence of other oils in any bottle of Safeway's avocado oil. Plaintiff's theory is based on two sources: (1) alleged independent laboratory testing commissioned by Plaintiff's counsel; and (2) references to a 2023 UC Davis Study summarized in a Washington Post article. The FAC fails to plausibly connect either of these sources to the assertion that the bottle purchased by Plaintiff, or any bottle sold during the class period, contained any oil other than avocado oil.

Plaintiff's single testing allegation does not state what tests were conducted, what bottles were tested, when they were tested, or what specific results were obtained. Dkt. No. 21 ¶ 39. The FAC does not plausibly allege that Plaintiff's purported testing revealed the presence of any non-avocado oil, nor does it specify how the product allegedly failed to meet an alleged "Codex Standard" or why such a failure equates to adulteration. The Court finds that such threadbare allegations are insufficient under both Rule 8(a) and Rule 9(b). *See* Text Order, *Smith et al. v. Trader Joes Co.*, No. 3:24-cv-06834-JD (N.D. Cal. Sep. 27, 2024), Dkt. No. 35 (dismissing claims based on allegations that avocado oil was adulterated because complaint lacked "sufficient factual matter"); *Hawkins v. Walmart, Inc.*, No. 1:24-CV-00374-KES-SKO, 2025 WL 490063, at *4 (E.D. Cal. Feb. 13, 2025) (dismissing claims that avocado oil was adulterated "[b]ecause the complaint fails to provide sufficient allegations . . ."); *McConnon v. Kroger Co.*, No. 2:24-CV-02601-SB-E, 2024 WL 3941340, at *3 (C.D. Cal. June 21, 2024) (dismissing claims that avocado oil was adulterated because "the pleading provides insufficient detail"); *see also Lowe v. Edgewell Pers. Care Co.*, 711 F. Supp. 3d 1097, 1104 (N.D. Cal. 2024) ("allegations are devoid of the factual content necessary to nudge Plaintiffs' claims, based on the theory that [Defendant's] tampons contain PFAS, from possible to plausible.").

Additionally, the Court need not accept as true Plaintiff's allegation that Safeway's avocado oil is "adulterated with other oils" in reliance on purported independent laboratory testing

2

and a 2024 Washington Post article because the allegation directly contradicts the UC Davis studies, which are incorporated by reference into the FAC and "call into question this very inference." *Bounthon v. Procter & Gamble Co.*, No. 23-CV-00765-AMO, 2024 WL 4495501, at *8 (N.D. Cal. Oct. 15, 2024). The UC Davis studies expressly declined to conclude that the Safeway avocado oil contained other oils and explained its results could be due to natural variance of the avocado fruits or processing conditions. The FAC is therefore devoid of the factual content necessary to cross "the line between possibility and plausibility" and thus fails to state a claim for relief. *Bell Atl. Corp.*, 550 U.S. 544 at 557.

## III. PLAINTIFF FAILS TO SATISFY RULE 9(B)

The FAC also lacks sufficient facts to meet the heightened pleading standards of Rule 9(b), which apply to the allegations sounding in fraud. Plaintiff relies on general allegations about independent laboratory testing and a purported Codex standard and does not meaningfully tie these allegations to the conclusion that any bottle of Safeway's avocado oil contains other oils. Dkt. No. 21 ¶¶ 29–39. Plaintiff fails to carry his burden under Rule 9(b) because he has not stated with particularity "how" or "why" Safeway's avocado oil representation is false or misleading. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).

## IV. CONCLUSION

For the reasons stated herein, Safeway's Motion to Dismiss is **GRANTED**. Because Plaintiff may be able to allege additional facts sufficient to state a claim for relief, the Court cannot conclude amendment would be futile, and therefore dismissal is with leave to amend. *See Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008). Any amended complaint is due by September 19, 2025. Accordingly, the hearing set for August 28, 2025 is **VACATED**.

**IT IS SO ORDERED.**

Dated: August 22, 2025

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**

3